IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EZEKIEL J. GLICK,

                Plaintiff,

  v.                                          OPINION AND ORDER

KRISTI TLUSTY,
DETECTIVE SCHULTZ, and                25-cv-685-wmc
BRIGES,

                Defendants.

---

Representing himself, plaintiff Ezekiel J. Glick filed a complaint under 42 U.S.C. § 1983, against Kristi Tlusty, who works for an unspecified "Office of the District Attorney," Detective Schultz, and correctional officer Briges. (Dkt. #1.) Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, the complaint must be dismissed for reasons set forth below, but the court will grant plaintiff an opportunity to amend.

OPINION

Plaintiff alleges that on "July 31 at around 12:30 pm," he was asked by an unidentified person to step into the hallway and go to an unspecified program. Although plaintiff does not

elaborate, the court assumes that this occurred at the Taylor County Jail, where plaintiff was confined when he filed his complaint. In the hallway, plaintiff was met by Detective Schultz, who stated that Tlusty had "got wind" that plaintiff was told "some information" by an individual identified as Strobuck. Although it is unclear from the complaint, the court infers that Strobuck is another prisoner or is perhaps an acquaintance. When plaintiff told Detective Schultz that he had not spoken with Strobuck, who had supposedly threatened another detective, Schultz allegedly told plaintiff to "lie" and became angry when he wouldn't. When plaintiff asked to report being harassed, Officer Briges told him not to report Schultz's actions. Plaintiff seeks "justice" for being bullied by Detective Schultz.

     Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The court understands plaintiff to seek relief under 42 U.S.C. § 1983, which requires plaintiff to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Under §1983, "a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011).

     To begin, plaintiff does not state a claim against defendant Tlusty because he does not allege facts showing that she was involved in a constitutional violation. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused

or participated in constitutional deprivation).  To the extent that plaintiff complains he was bullied by Detective Schultz, allegations of verbal abuse and threats by officers -- without more -- are insufficient grounds for relief under 42 U.S.C. § 1983.  *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).  In addition, to the extent that plaintiff complains that Officer Briges did not act upon his complaint of harassment, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened.  *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Thus, plaintiff's allegations are insufficient to state a viable claim.

      The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend.  *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  The court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library.  To comply with Rule 8, plaintiff must provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.  Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Ezekiel J. Glick is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

2) The clerk's office is directed to provide plaintiff with a prisoner packet containing a civil rights complaint form.

3) Plaintiff has until **March 6, 2026** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 4th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge